IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VERSUS | CRIMINAL NO. 1:08cr132WJG-JMR |
| GREGORY BRENT WARR (1), | |
| LAURA J. WARR (2) | DEFENDANTS |

O R D E R

THIS CAUSE comes before the Court on the motion [58] of the United States of America [United States] for review of an order entered by Chief United States Magistrate Judge John M. Roper, on March 18, 2009, (Ct. R., Doc. 56.), requiring the United States to serve a Bill of Particulars on Defendants Gregory Brent Warr and Laura J. Warr. The Bill of Particulars is to include information designating and identifying the specific categories of the Defendants' false statements and to designate and disclose under seal the names of co-conspirators, aiders and abettors. (Ct. R., Doc. 58, p. 1.)

Laura Warr filed a motion for Bill of Particulars seeking the substance of the false statement charged in Count 4 of the Indictment. (Ct. R., Doc. 59, p. 2.) She also sought the identity of the known co-conspirator and aider and abettor outlined in the Indictment. (*Id*.) The United States was ordered to submit the information pertaining to Count 4 by March 27, 2009; however, the deadline passed, and instead, the United States filed the application for review of the magistrate judge's order. (*Id*.)

According to the United States, the Defendants have been provided sufficient information to defend the charges contained in Count 4 of the Indictment. (*Id*., p. 3.) Count 4 outlines the statement and document relied upon in formulating the Indictment, according to the United States. (*Id*.) The declaration in the application for Federal Emergency Management Agency [FEMA] funds signed on November 26, 2005, provides the statement that "all of the information provided in the application for FEMA disaster assistance is true and correct," which statement is false and constitutes the basis for Court 4. (*Id*.) The United States asserts that discovery documents were sent to the Defendants just prior to the filing of the motion for the bill of particulars, and which presumably Defendants had not had an opportunity to review prior to the filing of the motion. (*Id*., p. 4.) The United States argues that its trial strategy and specific information about specific evidence to be offered at trial is not required to be disclosed by the United States. (*Id*.)

In addition, the United States asserts that the order goes beyond the purpose of a bill of particulars in that the order required the United States to reveal the names of alleged co-conspirators. (*Id*.) Names of co-conspirators and aiders who are witnesses that will be called at trial should be produced, according to the United States. (*Id*., p. 5.) The United States urges that production of the names and statements of witnesses five days prior to trial is sufficient for the defense of this case. (*Id*., p. 6.)

The purpose of a bill of particulars is to protect a defendant against a second prosecution for the same offense, to reduce prejudicial surprise, and enable a defendant to prepare for trial. *United States v. Murray,* 527 F.2d 401 (5th Cir. 1976). A bill of particulars may not be used "to

obtain a detailed disclosure of the [United States'] evidence prior to trial." *United States v. Perez*, 489 F.2d 51, 71, (5th Cir. 1973).

I.      Count 4 of the Indictment

The Indictment in this case provides a detailed list of overt acts outlining various acts, including statements, supporting the indictment in this case. (Ct. R., Doc. 11, pp. 3-4.) The motion for a bill of particulars sought the substance of the false statement charged in Count 4 of the Indictment. (Ct. R., Doc. 59, p. 2.) The magistrate judge ordered the United States to provide Defendants with specific categories of information which are false in the FEMA application. (*Id.*)

In this case, Count 4 of the indictment provides as follows:

> On or about November 26, 2005, in Harrison County in the Southern Division of the Southern District of Mississippi and elsewhere, in a matter within the jurisdiction of the Federal Emergency Management Agency, an agency of the United States of America, the defendant, Gregory Brent Warr, aided and abetted by Laura Jean Warr, and by others known and unknown to the Grand Jury, knowingly and willfully made or caused to be made a false and fraudulent material statement or representation, in that defendant Gregory Brent Warr signed a declaration and release in which he represented that all the information provided in their application for FEMA disaster assistance was true and correct, when in truth and in fact the information in the application for FEMA disaster assistance was not true and correct.
> In violation of Sections 1001 and 2, Title 18, United States Code.

(Ct. R., Doc. 11, p. 5.)

The overt acts section of the Indictment lists the date of November 26, 2005, as the date that Gregory Brent Warr signed a FEMA Declaration and Release, certifying that all information in the application for FEMA assistance was true and correct. (Ct. R., Doc. 11, p. 3.) In addition, the overt acts list November 26, 2005, as the date Gregory Brent Warr and Laura J. Warr each

met with a FEMA inspector at the house located at 1814 Beach Drive, Gulfport, Mississippi and made representations as to hurricane damage and losses.  (*Id*.)

A general description of the offense in an indictment must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description with which he is charged." *Hamling v. United States,* 418 U.S. 87, 117-18 (1974).  An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges the defendant must meet and allows the accused to formulate a plea to the charge.  *United States v. Gordon,* 780 F2d 1165, 1169 (5th Cir. 1986).  The description of the offense outlined in Count 4 of the Indictment does not allege any facts in support of the offense.  Accordingly, the Court finds that the bill of particulars ordered by the magistrate judge should be upheld and that the United States should disclose the facts which support the allegations in Count 4 of the Indictment, even if the overt acts outlined in conjunction with the date November 26, 2005, contain the details supporting the alleged false statements charged in Count 4 of the indictment.

II.     <u>Identity of Co-violators</u>

The Court has the discretion to order a bill of particulars.  *See United States v. Burgin,* 621 F.2d 1352, 1358 (5th Cir.1980).  Defendants in this case seek the identity of unnamed coconspirators.  The magistrate judge ordered the United States to disclose the identity of the coconspirators and co-aiders and abettors by 30 days before the trial of this matter in a letter filed under seal in this case.  (Ct. R., Doc. 63.)  Generally, the United States should disclose the identity of all coconspirators which will be called as witnesses at trial.  *See United States v. Hughes*, 817 F.2d. 268, 272 (5th Cir. 1987).  The Court may require the United States to disclose

the names of potential witnesses should the Court deem the disclosure is necessary for the Defendant's preparation for trial. *See, e.g., United States v. White*, 370 F.2d 559 (7th Cir.1966); *see also United States v. Debrow*, 346 U.S. 374, 378, 74 S.Ct. 113, 98 L.Ed. 92 (1953).

In *Will v. United States*[1], the Court stated:

> [T]he district court had not improperly required the government to disclose a witness list prior to trial, in response to the defendant's motion for a bill of particulars, but had instead properly relied on the rationale that requiring disclosure of the names of some potential witnesses was " 'not that they will or may be witnesses, but that the defendant requires identification of the times, places and persons present in order to prepare his defense.' " *Id.* at 101, 88 S.Ct. 269 (quoting the trial court's opinion granting a motion for a bill of particulars) (emphasis added).

The Court therefore finds that the order of the magistrate judge regarding the bill of particulars ordering that the identities of all co-conspirators and co-aiders and abettors to be disclosed under seal within 30 days of the trial date should be clarified to require that the United States provide in the disclosure only those individuals who may be potential witnesses. It is, therefore,

ORDERED that the motion [58] of the United States for review of the magistrate judge's order, (Ct. R., Doc. 56), requiring the United States to serve on Defendants Gregory Brent Warr and Laura J. Warr a Bill of Particulars be granted in part and denied in part. It is further,

ORDERED that the United States' motion be denied to the extent that the portion of the order requiring the United States to provide Defendants with specific categories of information which are false in the FEMA application as alleged in the charges contained in Count 4 of the Indictment be, and are hereby, upheld. It is further,

---

[1] 389 U.S. 90, 98-99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

ORDERED that he United States shall provide the specific categories of Defendant's alleged false statements and information which support the charges in Count 4 of the Indictment and shall submit this information to Defendant's by no later than April 28, 2009 . It is further,

ORDERED that the United States' motion be granted to the extent that the portion of the order requiring the identities of all co-conspirators and co-aiders and abettors to be disclosed under seal within 30 days of the trial date be, and is hereby, clarified to require that only those individuals who may be potential witnesses for the United States be included in the disclosure.

SO ORDERED this the 14th day of April, 2009.

                                             *Walter J. Gex III*
                                    UNITED STATES SENIOR DISTRICT JUDGE