IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION NO. 1:08cr132WJG-RHW

GREGORY BRENT WARR (1);
LAURA JEAN WARR (2)


O R D E R

THIS CAUSE comes before the Court on the motion *in limine* [75] of Defendant Gregory Brent Warr, and the joinder [78] thereto of Defendant Laura Jean Warr. The Warrs maintain that the United States intends to utilize financial information which is irrelevant to this case. (Ct. R., Doc. 75, pp. 2-3.) In addition, the Warrs contend that any attempt by the United States to introduce into evidence the financial condition of the Warrs would violate the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5151(c) and 5174(c)(2)(B) [Stafford Act], which provides that funds distributed under this act are distributed regardless of an individual's income or assets. (*Id*.) They further contend that same information is also unnecessary for eligibility under Phase 1 of the Homeowner's Assistance Program [HAP] and is therefore irrelevant to this case. (*Id*., p. 3.) The Warrs seek to enjoin the United States from introducing into the trial, either directly or indirectly, the concept that Stafford Act disaster benefits are for those of lesser economic status. (*Id*.) In addition, Defendants contend the same prohibition should apply to the idea that an award of the Phase 1 HAP grant is based on the economic status, income or assets of the grant recipient. (*Id*).

The Stafford Act gives the Federal Emergency Management Agency [FEMA] the authority to distribute funds to persons who suffered damage in Presidentially-declared "major disaster" areas. *See* 42 U.S.C. § 5170. The United States argues that the information is relevant after the second superseding indictment was filed; and that the Warrs' motion regarding their financial status became moot as a result of the superseding indictment because FEMA considers an applicant's financial situation in awarding disaster assistance. (Ct. R., Doc. 90, p. 2.) The United States further contends that, pursuant to the charges contained in the superseding indictment, Defendants' financial situation is relevant because the Defendants allegedly misrepresented their income in an attempt to obtain a home mortgage. (*Id.*, p. 1.)

The Court has determined that certain financial information may be relevant to this case. For example, the failure to disclose certain information to an appropriate agency may be relevant to establish an intent to defraud that agency. *See United States v. Lewis*, 476 F.3d 369, 379 (5th Cir. 2007). While not all financial information submitted may be relevant to a particular agency's decision to make an award to the Warrs, the lack of information submitted may be relevant as certain assets may remove the Warrs from eligibility for the program. In this case, the Court finds that the wholesale introduction of the Warrs' financial worth without establishing the relevancy of that information should not be allowed. The United States shall be required to establish the relevancy of information concerning financial assets of the Warrs prior to the introduction of that information into evidence.

The Warrs are charged with a violation of 18 U.S.C. § 287 in count one of the indictment, which accuses the Defendants of making false, fictitious or fraudulent claims to FEMA, the MDA and HUD. (Ct. R., Doc. 82, pp. 1-4.) "To sustain a conviction under § 287, the [United

States] must prove: (1) that the defendant presented a false or fraudulent claim against the United States; (2) that the claim was presented to an agency of the United States; and (3) that the defendant knew that the claim was false or fraudulent." *United States v. Clark*, 577 F.3d 273, 285 (5 Cir. 2009), quoting *United States v. Burns,* 162 F.3d 840, 850 (5th Cir. 1998). Accordingly, the Court finds that although financial assets may be irrelevant to a decision to award benefits under the Stafford Act or HAP grant programs, false statements concerning those assets on an application may be relevant to establishing the charges in count one of the indictment. The Court, therefore, finds that any request to place a limitation on showing financial assets which may be falsely represented on applications made by the Warrs to any of the programs listed in the indictment, including those programs which are not based on financial need, should be denied. The United States may not, however, expand the parameters of eligibility for those programs and should not be allowed to present evidence contrary to the program's intended purpose.

The Court, therefore, finds that the motion *in limine* motion of Defendants to limit the use of financial information which is irrelevant to this case should be granted to the extent outlined in this order. It is, therefore,

ORDERED AND ADJUDGED that the motion [75] *in limine* of Defendant Gregory Brent Warr, and the joinder [78] thereto of Defendant Laura Jean Warr be, and is hereby, granted in part and denied in part. It is further

ORDERED AND ADJUDGED the motion is granted with limitations. Any attempt to introduce the financial condition of the Warrs' by the United States shall be accompanied by a

showing of the relevance of the information to the case before the Court and an appropriate cautionary instruction to the jury. It is further,

ORDERED AND ADJUDGE that motion *in limine* addressing references by the United States to means-testing for eligibility for relief under the Stafford Act and HAP be, and is hereby granted.

ORDERED AND ADJUDGED that the motion is denied in all other respects.

SO ORDERED AND ADJUDGED this the 21st day of September, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE